# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LAYMAR PIERRE AGEE,

        Defendant-Appellant.

UNPUBLISHED
November 28, 2017

No. 333486
Wayne Circuit Court
LC No. 13-009057-01-FC

Before: METER, P.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

Defendant was convicted following a jury trial of three counts of armed robbery, MCL 750.529, and one count each of assault with intent to do great bodily harm (AWIGBH), MCL 750.84, carrying a concealed weapon (CCW), MCL 750.227, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court initially sentenced defendant to 75 years' to 75 years' and one day imprisonment for each of the armed robbery convictions and the AWIGBH conviction, 10 to 15 years' imprisonment each for the carrying a concealed weapon and felon in possession of a firearm, and two years' imprisonment for the felony-firearm conviction. Defendant appealed his convictions and his sentences and this Court affirmed his convictions, but remanded for a *Crosby* hearing after determining that the court scored offense variable (OV) 19 based on facts that were not submitted to a jury. *People v Agee*, unpublished opinion per curiam of the Court of Appeals, issued December 15, 2015 (Docket No. 322687).

On remand, defendant desired to be resentenced. At the resentencing, the trial court reduced defendant's original sentencing guidelines of 270 months to 900 months to 135 months to 450 months (11.25 years to 37.5 years) for the sentencing offense (i.e. armed robbery). Defendant was sentenced as a habitual offender, fourth offense. MCL 769.12. The trial court resentenced defendant consistent with the sentencing guidelines to 35 to 45 years' for each of the armed robbery convictions, 10 to 20 years' for the AWIGBH conviction, and 5 to 10 years' for both the CCW and felon in possession of a firearm convictions. The court also sentenced defendant to a consecutive 2 years' imprisonment for felony-firearm, with credit for 650 days served. Defendant appeals by right. For the reasons set forth in this opinion, we affirm.

-1-

On appeal, defendant argues that he is entitled to resentencing because the 35-year minimum sentence was disproportionate in light of *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), and *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990).

Whether defendant's sentence is subject to a proportionality review under *Lockridge* and *Milbourn* necessarily involves a question of law; questions of law are reviewed de novo. *People v Daoud*, 462 Mich 621, 629-630; 614 N2d 152 (2000).

In *Lockridge*, our Supreme Court "applying binding United States Supreme Court precedent, held that Michigan's sentencing guidelines scheme violates the Sixth Amendment of the United States Constitution. To remedy the constitutional violation, we held that the guidelines would thereafter be merely advisory rather than mandatory." *People v Steanhouse*, 500 Mich 453, 459; ___NW2d___(2017). The *Lockridge* Court also held that, although the guidelines were merely advisory, a sentencing court was still required to "determine the applicable guidelines range and take it into account when imposing a sentence." *Lockridge*, 498 Mich at 365. Furthermore, "departure sentences post-*Lockridge* would be reviewed for reasonableness. . . ." *Steanhouse*, 500 Mich at 462.

Subsequently, in *Steanhouse*, 500 Mich at 459-460, the Court held that when a departure sentence is reviewed for reasonableness, the procedure set forth in *Milbourn*, 435 Mich at 630, governs an appellate court's determination of whether a sentence was "reasonable." *Milbourn* "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 460, citing *Milbourn* 435 Mich at 636 (quotation marks omitted).

In this case, the trial court imposed a minimum sentence of 35 years (420 months) for the sentencing offense. This sentence fell within the sentencing guidelines range of 135 to 450 months. Because defendant's sentence did not depart from the guidelines, reasonableness review under *Lockridge* is not warranted. Instead, a sentence that falls within the guidelines recommended range is presumptively proportional, and pursuant to MCL 769.34(10), "[w]hen a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016), citing MCL 769.34(10). Here, because defendant does not dispute that his sentence was within the recommended minimum guidelines, and he does not contend that the trial court relied on inaccurate information or erred in scoring the guidelines, this Court must affirm the sentence. *Id*.

Affirmed.

/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Michael J. Riordan